Minute Order Form (06/97)

# United States District Court, Northern District of Illinois

| Name of Assigned Judge or Magistrate Judge | James F. Holderman | Sitting Judge if Other than Assigned Judge | |
|---|---|---|---|
| CASE NUMBER | 03 C 5389 | DATE | 3/30/2004 |
| CASE TITLE | WIRE et al vs. HUSSMAN et al | | |

**MOTION:** [In the following box (a) indicate the party filing the motion, e.g., plaintiff, defendant, 3rd party plaintiff, and (b) state briefly the nature of the motion being presented.]

**DOCKET ENTRY:**

(1) ☐ Filed motion of [ use listing in "Motion" box above.]

(2) ☐ Brief in support of motion due _____ .

(3) ☐ Answer brief to motion due_____. Reply to answer brief due_____.

(4) ☐ Ruling/Hearing on _____ set for _____ at _____ .

(5) ☐ Status hearing[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(6) ☐ Pretrial conference[held/continued to] [set for/re-set for] on _____ set for _____ at _____ .

(7) ☐ Trial[set for/re-set for] on _____ at _____ .

(8) ☐ [Bench/Jury trial] [Hearing] held/continued to _____ at _____ .

(9) ☐ This case is dismissed [with/without] prejudice and without costs[by/agreement/pursuant to]
☐ FRCP4(m)  ☐ Local Rule 41.1  ☐ FRCP41(a)(1)  ☐ FRCP41(a)(2).

(10) ■ [Other docket entry] Pursuant to Memorandum Opinion and Order entered this day, plaintiff is given to April 9, 2004 to file an amended complaint properly alleging diversity jurisdiction.

(11) ☐ [For further detail see order (on reverse side of/attached to) the original minute order.]

| | | | | |
|---|---|---|---|---|
| | No notices required, advised in open court. | | | **Document Number** |
| | No notices required. | | number of notices | |
| ✓ | Notices mailed by judge's staff. | | MAR 31 2004 | |
| | Notified counsel by telephone. | | date docketed | 29 |
| | Docketing to mail notices. | | | |
| | Mail AO 450 form. | | docketing deputy initials | |
| | Copy to judge/magistrate judge. | | 3/30/2004 | |
| | | | date mailed notice | |
| JS | courtroom deputy's initials | | JS | |
| | | Date/time received in central Clerk's Office | mailing deputy initials | |

IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

THOMAS J. WIRE AND JAMES ELLIS )
)
Plaintiffs, ) No. 03 C 5389
)
v. ) Judge Holderman
)
ERIC J. HUSSMAN, KAREN HUSSMAN, )
LITTLE CAESARS PIZZA AND LITTLE )
CAESAR ENTERPRISES, INC. )
)
Defendants. )

## MEMORANDUM OPINION AND ORDER

JAMES F. HOLDERMAN, District Judge:

On August 4, 2003 plaintiffs Thomas J. Wire ("Wire") and James Ellis ("Ellis") filed a multi-count complaint against Little Caesars Pizza and Little Caesar Enterprises, Inc. ("Little Caesars"), Eric J. Hussman and Karen Hussman ("defendants Hussman"). Defendants Hussman were dismissed from this case on January 15, 2004 after these defendants reached a settlement with the plaintiffs. On that day this court also issued a minute order directing the remaining parties to brief the issue of whether proper federal jurisdiction for this case exists. Plaintiffs, as directed by the minute order, submitted a brief to this court. Little Caesars has failed to file a brief. For the following reasons, this court rules that it has proper jurisdiction of this case at this time.

## BACKGROUND

When this action was originally filed on August 4, 2003 the complaint alleged that the domiciles of the plaintiffs were as follows: plaintiff Thomas J. Wire, California; plaintiff James Ellis,

1

Illinois. The domiciles of the defendants were each alleged as Illinois. Regarding defendant Little Caesars, the complaint, however, erroneously alleged that Little Caesars was a resident of Illinois because it did business in Illinois. Furthermore, the complaint alleged that this court had subject matter jurisdiction over plaintiff Wire's (citizen of California) claims against defendants (citizens of Illinois) pursuant to diversity of citizenship under 28 U.S.C. § 1332. The complaint also alleged that this court had jurisdiction over plaintiff Ellis's (citizen of Illinois) claim against defendants (citizens of Illinois) pursuant to supplemental jurisdiction under 28 U.S.C. § 1367(a). Defendants Hussman moved to dismiss the complaint on the basis that complete diversity between the plaintiffs and the defendants was lacking. This motion was mooted by defendants Hussman subsequent dismissal from this case. This court has not retained jurisdiction to enforce the settlement between plaintiffs and defendants Hussman.

In addition to the settlement that dismissed defendants Hussman, this court has now been apprised that for purposes of diversity jurisdiction, Little Caesars is a citizen of Michigan. The domiciles of the current parties to this case are as follows: plaintiff Wire, California; plaintiff Ellis, Illinois; and defendant Little Caesars, Michigan. Therefore, complete diversity of citizenship between plaintiffs and defendant now exists.

Plaintiffs have maintained that 28 U.S.C. § 1367(a) allows this court to maintain jurisdiction over Wire and Ellis's claims. Plaintiffs have never addressed whether the complete diversity rule of Strawbridge v. Curtiss, 7 U.S. (3 Cranch) 267 (1807) barred jurisdiction of this case at the time the complaint was filed. Prior to the dismissal of defendants Hussman, this court sua sponte raised the issue of whether, despite the complete diversity rule, section 1367(b) allowed the nondiverse plaintiff to join in this cause of action pursuant to Rule 20. See Stromberg Metal Works, Inc. v.

Press Mechanical, Inc., 77 F.3d 928, 932 (7th Cir. 1996) (explaining that "[s]upplemental jurisdiction has the potential to move from complete to minimal diversity" when a non-diverse plaintiff is joined pursuant to Rule 20). The dismissal of defendants Hussman makes it unnecessary to determine whether complete diversity was required at the time the complaint was filed. If complete diversity was not required at the time the complaint was filed, then obviously its absence does not now affect jurisdiction. If complete diversity was required at the time the complaint was filed, then this court's initial lack of subject matter jurisdiction has been rectified and this case can now move forward because this court has proper jurisdiction at this time. Further analysis, however, is necessary.

## ANALYSIS

Plaintiffs contend that because the nondiverse party has dropped out complete diversity now exists, which gives this court jurisdiction regardless of any previous lack of jurisdiction. Although plaintiffs may ultimately prevail, they move too quickly to this conclusion. As explained below, this court must first address two problems regarding this court's subject matter jurisdiction.

I.  Improper Allegations of Diversity Jurisdiction

Plaintiffs' complaint contains inconsistent allegations regarding Little Caesars's citizenship. (Compl. ¶ 52, 73). Furthermore, the complaint improperly alleges the "residences" of the parties as opposed to the parties' "citizenship," which is the operative fact for purposes of diversity jurisdiction. See Newman-Green, Inc. v. Alfonzo-Larrain R., 854 F.2d 916, 935 (7th Cir. 1988) (Easterbrook, J. dissenting) (explaining that "a classically defective allegation" for purposes of diversity jurisdiction is to allege the parties' states of residence rather than their states of citizenship), rev'd on other grounds 490 U.S. 826 (1989). This court, and the plaintiffs, have utilized the internet

to determine that Little Caesars is incorporated in Michigan. Belleville Catering Co. v. Champaign Market Place, LLC, 350 F.3d 691, 693 (7th Cir. 2003) (explaining that counsel "must secure jurisdictional details before making formal allegations," and that one method counsel may employ is to utilize the internet). Plaintiffs, in their brief in support of jurisdiction, now also properly allege Little Caesars's principal place of business by alleging that its "nerve center" is in Michigan. See Krueger v. Cartwright, 996 F.2d 928, 931 (7th Cir. 1993) ("[The Seventh Circuit] defines principal place of business as the place where the corporation has its nerve center.") Plaintiffs failure to properly allege diversity jurisdiction is not fatal to the complaint. Title 28 U.S.C. § 1653 provides that "[d]efective allegations of jurisdiction may be amended, upon terms, in the trial or appellate courts." This provision will allow the plaintiffs to amend their complaint to properly allege diversity jurisdiction. A proper allegation of diversity jurisdiction includes properly alleging the state of incorporation and the principal place of business of defendant Little Caesars.

II.     The Rule that Diversity is Determined at the Time of Filing

While this court has had no assistance from Little Caesars to oppose plaintiffs' conclusion that jurisdiction is now proper, this court is aware of the rule that "[t]he existence of federal jurisdiction ordinarily depends on the facts as they exist when the complaint is filed." Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 830 (1989). Because of this rule, it is well settled that it is irrelevant whether plaintiff Wire was a citizen of Illinois at the time of the accident giving rise to this suit. See Rodriguez-Diaz v. Sierra-Martinez, 853 F.2d 1027, 1030 (1st Cir. 1988) ("It is the domicile at the time suit is filed which controls, and the fact that plaintiff has changed his domicile with the intent of bringing a diversity action in federal court is irrelevant."). Similarly, diversity jurisdiction is not destroyed if after the filing of a suit complete diversity no longer exists. See 13B

4

Wright, Miller & Cooper, Federal Practice and Procedure, § 3608 (2d ed. 1984).

What plaintiffs have not addressed in their brief is that "[a] corollary of the general rule that diversity is determined as of commencement is that if diversity of citizenship did not exist when the action was commenced, it cannot be created by a later change of domicile by one of the parties or some other event." Id. At the time this case was filed, complete diversity did not exist.[1] Therefore, if complete diversity was required at the time the complaint was filed, this court must consider whether the general rule that diversity is determined at the time the complaint is filed bars the conclusion that diversity jurisdiction is proper now despite the fact that the nondiverse party has been dismissed.

There is a major exception to the rule that diversity is determined at the time the action was filed and that is that a court has the power to dismiss a dispensable (nondiverse) party pursuant to Federal Rule of Civil Procedure 21 for the purpose of maintaining diversity jurisdiction.[2] This power to dismiss a nondiverse party cures the jurisdictional defect of minimal diversity at the time the complaint was filed.[3] In Newman-Green, the Seventh Circuit, over a dissent written by Judge

---

[1] Plaintiffs cannot amend their complaint pursuant to 28 U.S.C. § 1653 in order to circumvent this problem. See Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 831 (1989) ("[section] 1653 speaks of amending 'allegations of jurisdiction,' which suggests that it addresses only incorrect statements about jurisdiction that actually exists, and not defects in the jurisdictional facts themselves.").

[2] Federal Rule of Civil Procedure 21, Misjoinder and Non-Joinder of Parties, states:
Misjoinder of parties is not ground for dismissal of an action. Parties may be dropped or added by order of the court on motion of any party or of its own initiative at any stage of the action and on such terms as are just. Any claim against a party may be severed and proceed with separately.

[3] In Herrick Co. v. SCS Communications, Inc., 251 F.3d 315, 328 (2d Cir. 2001) the Second Circuit held that "the jurisdictional defect caused by [the nondiverse party's] inclusion as a defendant remains in place – and continues to destroy federal jurisdiction over the original suit

Easterbrook, vacated a previous opinion by holding en banc that there was "no source for a power in a *court of appeals* to preserve diversity jurisdiction by dismissing a nondiverse party retroactively to the date the suit was filed." Newman-Green, Inc. v. Alfonzo-Larrain R., 854 F.2d 916, 919 (7th Cir. 1988) (emphasis added). This decision was later reversed by the United States Supreme Court, Newman-Green, Inc. v. Alfonzo-Larrain, 490 U.S. 826, 837 (1989), which held "that a court of appeals [has] the authority to dismiss a dispensable nondiverse party" to secure diversity jurisdiction.

Although courts differed on whether an appellate court had the power, either inherent or statutory, to dismiss a nondiverse dispensable party pursuant to Rule 21 for the purpose of securing diversity jurisdiction notwithstanding the fact that complete diversity did not exist at the time the complaint was filed, courts have consistently recognized the principle that a district court has such power.[4] Writing for the Seventh Circuit's majority opinion in Newman-Green, Judge Posner reasoned that it "could be argued that the principle which allows the district court to preserve jurisdiction by dropping a party at any stage in the lawsuit is in tension with the principle that the existence of federal jurisdiction depends on the facts as they exist when the complaint is filed, and not on later events." Newman-Green, 854 F.2d at 924. But Judge Posner concluded that the principle had commanded unanimous support among judges, and offered his own justification:

as law is an instrument of governance rather than a hymn to intellectual beauty, some

---

– right up through the present day" because the district court had retained supplemental jurisdiction over the settlement agreement that resulted in dismissal of the nondiverse party. This court has not retained any jurisdiction over the settlement agreement in this case that has resulted in the dismissal of the nondiverse defendants.

[4]It is important to emphasize that the obstacle to jurisdiction discussed here is the "complete diversity rule" of Strawbridge, which is not part of Article III of the Constitution. State Farm Fire & Casualty Co. v. Tashire, 386 U.S. 523, 530-31 (1967) (explaining that minimal diversity satisfies the Constitution).

6

consideration must be given to practicalities. If an easily curable jurisdictional defect is discovered shortly after a case is filed, the district court should have the power to decide whether the plaintiff must be put to the bother of filing a fresh suit rather than allowed to simply amend the complaint.

Id. at 925. The Newman-Green case makes clear that dismissal of a nondiverse party pursuant to Rule 21 is an exception to the general rule that diversity must be determined at the time the complaint was filed.

In the case at bar, however, defendants Hussman were not dismissed pursuant to Rule 21. This court recognizes that at least one experienced and learned district judge in the Seventh Circuit has considered this distinction relevant.[5] But this court sees no reason why the principle allowing a court to cure the absence of complete diversity by dismissal should be limited exclusively to dismissals pursuant to Rule 21. There is nothing in the text of Rule 21 that relates to diversity jurisdiction. The rule simply allows a court to drop a party without requiring dismissal, and "is a response to the harsh common law rule that required automatic dismissal in the event of misjoinder." Newman-Green, 854 F.2d at 924. As Judge Easterbrook explained: "Rule 21 has never been necessary to the district court's power. The Supreme Court recognized that power more than a century before there was a Rule 21." Id. at 934 (Easterbrook, J., dissenting). The principle, as this court views it, is that the jurisdictional defect of the absence of complete diversity at the time the

---

[5] See Zepik v. Tidewater Midwest, Inc., 719 F.Supp. 751, 755 (N.D. Ind. 1989) (Miller, J.) (ruling that dismissal of a nondiverse defendant for failure to state a claim did not cure the jurisdictional defect of minimal diversity present at the filing of the complaint in the same manner that a dismissal pursuant to Rule 21 would have); but see Philan Ins. Ltd. v. Frank B. Hall & Co., 786 F.Supp. 345, 348 (S.D.N.Y. 1992) (ruling that "there is authority for this Court to hold that diversity should be examined in light of the prior dismissals [, which were not accomplished pursuant to Rule 21,] and, if complete diversity now exists, not to dismiss the remaining state claims for lack of subject matter jurisdiction) (citing Baylis v. Marriot Corp., 843 F.2d 658, 665 (2d Cir. 1988)).

complaint is filed is cured by the dismissal of the nondiverse party, with the qualification that a court should not dismiss an indispensable party. See Caterpillar, Inc. v. Lewis, 519 U.S. 61, 73 (1996) ("The *jurisdictional* defect was cured, i.e., complete diversity was established before the trial commenced [due to a dismissal of the nondiverse party pursuant to settlement]. Therefore, the Sixth Circuit erred in resting its decision on the absence of subject-matter jurisdiction."). Complete diversity now exists among the parties. Because the nondiverse parties have been dismissed from this case, this court's subject matter jurisdiction pursuant to 28 U.S.C. § 1332 would not be barred even if complete diversity was necessary at the time the complaint was filed.

## CONCLUSION

Plaintiffs shall file an Amend Complaint on or before April 9, 2004 properly alleging diversity jurisdiction.[6] Pending receipt of proper allegations of jurisdiction in the Amended Complaint, this court rules that at this time jurisdiction over this case is proper.

ENTER:

JAMES F. HOLDERMAN
United States District Judge

DATE: March, 30 2004

---

[6] The Amended Complaint shall not name the dismissed parties. While 28 U.S.C. § 1653 does not allow amendments to address factual defects in jurisdiction, dismissal of the nondiverse defendants, as this court has explained, has addressed any factual defects in jurisdiction. Therefore, it is unnecessary to name these dismissed parties in the amended complaint. See LeBlanc v. Cleveland, 248 F.3d 95, 99 (2d Cir. 2001) ("Once a party has been dropped under Rule 21 [to secure diversity jurisdiction,] we read the complaint as if he had never been included.").

8